UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MUSICAL PRODUCTIONS, INC., a
corporation; BMG MUSIC, a general
partnership; CAPITOL RECORDS, INC., a
corporation; SONY BMG MUSIC
ENTERTAINMENT, a general partnership;
SONY DISCOS LLC, a limited liability
company; UMG RECORDINGS, INC., a
corporation; WARNER MUSIC LATINA INC.,
a corporation; WEA INTERNATIONAL INC.,
a corporation,

            Plaintiffs,

  -against-

ROMA'S RECORD CORPORATION, a
corporation, d/b/a ROMA'S RECORDS a/k/a
ROMA'S MUSIC; and MAX ROMERO, an
individual, a/k/a MAXIMINO ROMERO,

            Defendants.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 05-CV-5903(FB)(VVP)

*Appearance:*
*For the Plaintiffs:*
RALPH JOSEPH SUTTON, ESQ.
Cowan Debaets Abrahams & Sheppard
LLP
41 Madison Avenue, 34th Floor
New York, NY 10010

MATTHEW KAPLAN, ESQ.
Cowan Debaets Abrahams & Sheppard
LLP
41 Madison Avenue, 34th Floor
New York, NY 10010

1

**BLOCK, Senior District Judge:**

Plaintiffs Musical Productions, Inc., BMG Music, Capitol Records, Inc., Sony BMG Music Entertainment, Sony Discos LLC, UMG Recordings, Inc., Warner Music Latina Inc., WEA International Inc., (collectively "plaintiffs"), filed a complaint for copyright infringement, pursuant to 17 U.S.C. § 101 *et. seq.*, against defendants Roma Record Corporation ("Roma's Records") and Max Romero, as owner and operator of Roma's Records, (collectively "defendants"). As defendants have failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry # 6 (Clerk's Notation of Default dated April 13, 2006), defendants now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

I.

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibit group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibit group*, 973 F.2d at 158.

To state a claim of copyright infringement, plaintiffs must: (1) show ownership of a valid copyright, and (2) demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *See* 17 U.S.C. § 501(a); *see also A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Under 17 U.S.C. § 106, the owner of copyright has the exclusive rights to, *inter alia*, "distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." *Id.* § 106(3).

To show the unlawful "distribution" of a copyrighted work pursuant to 17 U.S.C. § 106(3) the plaintiffs must show that an unlawful copy was disseminated "to the public." *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997) (internal quotations omitted). "Infringement of the distribution right requires an actual dissemination of . . . copies." *Arista Records, Inc. v. Mp3Board, Inc.* 2002 WL 1997918, at *4 (S.D.N.Y. 2002) (quoting *National Car Rental Sys. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993)).

Further, "[a]ll persons and corporations who participate in, exercise control over or benefit from an infringement are jointly and severally liable as copyright infringers." *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985). Finally, copyright infringement is willful if the responsible parties act with the knowledge that they are infringing a copyright or with reckless disregard for the copyright owner's rights. *See, e.g., Lipton*, 71 F.3d 464, 472 (2d Cir. 1995); *Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986); *Central Point Software, Inc. v. Global Software & Accessories, Inc.*, 880 F. Supp. 957, 967 (E.D.N.Y. 1995).

II.

Plaintiffs assert that: (1) they "are the copyright owners of exclusive rights" for a number of sound recordings, identified in Exhibit A of the Complaint (Compl. ¶ 20)[1]; (2) they "have placed proper notices of their copyright pursuant to 17 U.S.C. § 401 on the respective album cover of each of these sound recordings. . ." (*Id.* ¶ 21); and (3) "these notices of copyright appeared on published copies" of the copyrighted recordings, "which were widely available and accessible by [d]efendants" (*Id.*). Plaintiffs further claim that their exclusive right of distribution of these copyrighted recordings was violated by the defendants, who, without plaintiffs' permission, sold and distributed copies of these copyrighted recordings (*see id.* ¶ 23) in violation of 17 U.S.C. § 501(a).

Specifically, plaintiffs allege that: (1) "on or about March 12, 2003, May 29, 2003, October 23, 2003 and April 19, 2005," their investigators observed "numerous pirate and/or counterfeit recordings" being offered for "sale, display and/or distribution . . . on defendants' premises (Compl. ¶ 24);" (2) "purchased the pirate and/or counterfeit recordings [containing the] Copyrighted Recordings. . . " (*Id.*); (3) defendant Romero, the owner and operator of defendant Roma's Record[s], "personally participated in and/or

---

[1]Exhibit A list the following sound recordings: "Te Ves Buena"; "Vuela Muy Alto"; "Mi Bombon"; "El Bueno, El Malo Y El Malo Y El Feo"; "El Hijo De Tuta"; "Mala, Mala"; "Llora"; "Te Lo Pido Senor"; "Si Tu Estuvieras"; "Que Te Vayas"; "Me Siente Solo"; "Intentalo Tu"; "Celo"; "Dos Locos; "Dos Locos"; "En Un Dos Por Tres"; "No Regresare"; "Pena De Amor"; "Cuando Faltas Tu"; "El Amor Es Libre"; "Perdoname"; "Ella Tiena Fuego"; "Ella Tiena Fuego"; "Rie Y Llora"; "Corazon De Rumba"; "Mal Acostumbrado"; "A Cambio De Que"; "Esto Es Para Ti"; "Lejos"; "Mi Primer Millon"; "Me La Vua Roba"; Mi Primer Millon"; "Sal De Aqui"; "Hasta Que Te Enamores"; "Por Tu Placer"; "Por Tu Placer"; Sigue Guallando"; "La Salsa Vive"; "Caundo Tu No Estas." Compl., Ex. A.

4

had the right and ability to supervise, direct and control the infringing activities alleged in this complaint," and "derived direct financial benefit from such infringing activities" (*id.* ¶ 26); and (4) they "have sent written communications to [d]efendants [regarding defendants' unlawful distribution] in an effort to resolve the above issues without litigation" (*id.* ¶ 27).

These allegations – which are now deemed admitted – are sufficient to state a claim for copyright infringement against corporate defendant Roma's Records for distributing plaintiffs' copyrighted recordings in violation of 17 U.S.C. §§ 501(a) and 106(3). *See, e.g., BMG Music, et al., v. Montes Records*, CV-03-2963, Docket Entry # 21 (report and recommendation), at 4 (E.D.N.Y. Sept. 2, 2004) (Gold, M.J.) (selling counterfeit and/or pirate compact discs containing plaintiffs' copyrighted recordings infringed plaintiffs' rights of distribution); *Arista Records, Inc. v. Flea World, Inc.*, 2006 WL 842883, at *9 (D.N.J. 2006) (same); *UMG Recordings, Inc. v. Sinnott*, 300 F. Supp. 2d 993, 997 (E.D. Cal. 2004) (same).

Moreover, the allegations are sufficient to hold individual defendant Max Romero, as owner and operator of Roma's Records, liable for copyright infringement. *See, e.g., BMG Music*, CV-03-2963, Docket Entry # 21 (report and recommendation), at 4 (joint liability is properly imposed upon shareholders and officers who "own and operate the premises where plaintiffs' investigators purchased counterfeit CDs."); *Capitol Records, Inc. V. Wings Digital Corp.*, 218 F. Supp. 2d 280, 282 (allegation that defendant president/owner of company was "responsible for the daily management, operation and financial control of the corporation" was sufficient to hold individual defendant jointly and severally liable);

*Luft v. Crown Publishers, Inc.*, 772 F. Supp. 1378, 1379 (S.D.N.Y. 1991) (stating that "a company president who supervises the selection, manufacture, distribution and sale of infringing recordings is jointly and severally liable for damages caused by the infringement").

### III.

The Clerk of Court is directed to enter defendants' default on the docket, and default judgment against defendants is granted. The matter is referred to the assigned Magistrate Judge for an inquest on damages and legal fees.

**SO ORDERED.**

s/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
March 5, 2007